IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROSCOE CHAMBERS,

    Petitioner,

    v.                                   CASE NO. 22-3137-JWL

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth ("USPL"), proceeds pro se. The Court grants Petitioner's motion for leave to proceed in forma pauperis (Doc. 2). The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this matter without prejudice.

**Background**

Petitioner is a federal prisoner serving his sentence at USPL in Leavenworth, Kansas. Petitioner was sentenced in the United States District Court for the Southern District of Iowa to 360 months of imprisonment and 8 years of supervised release. *See United States v. Chambers*, Case No. 3:12-cr-00071-SMR-SBJ-1, Doc. 186 (S.D. Iowa May 17, 2013). On May 21, 2014, the judgment was affirmed by the Eighth Circuit Court of Appeals. *Id*. at Doc. 218–1. Petitioner subsequently filed a § 2255 motion, which was denied on July 14, 2016. *See Chambers v. United States*, 4:15-cv-00468-SMR, Doc. 33 (S.D. Iowa) (affirmed June 5, 2017). Subsequent motions filed by Petitioner were considered as second or successive § 2255 motions and denied. *See United States v. Chambers*, Case No. 3:12-cr-00071-SMR-SBJ-1, Doc. 251 (S.D. Iowa June 20,

2017) (affirmed at Doc. 255). Petitioner's motion pursuant to 18 U.S.C. § 3582(c) was construed as a § 2255 motion and denied on March 16, 2020. *Id*. at Doc. 264.

On September 10, 2021, the sentencing court granted Petitioner's motion for compassionate release and ordered his 8-year term of supervised release to commence immediately upon his release from incarceration. *Id*. at Doc. 297. The order provided that Petitioner shall reside in a residential reentry program for 12 months. *Id*. On October 21, 2021, the sentencing court held a supervised release revocation hearing and revoked Petitioner's supervised release for Failure to Follow the Rules of the Residential Reentry Center. *Id*. at Doc. 312. Petitioner was committed to the custody of the Bureau of Prisons for a term of 30 days, with a supervised release term of 8 years to follow. *Id*. at Doc. 316. The October 21, 2021 sentencing judgment was affirmed on appeal on November 29, 2021. *Id*. at Doc. 327–1.

On May 12, 2022, the sentencing court held a supervised release revocation hearing, revoked Petitioner's supervised release for Failure to Follow the Rules of the Residential Reentry Center, and sentenced Petitioner to 24 months of incarceration with an 8-year term of supervised release to follow. *Id*. at Docs. 357, 358. Petitioner appealed the May 12, 2022 sentencing judgment and the appeal is currently pending in the Eighth Circuit Court of Appeals. *Id*. at Docs. 360, 361; *United States v. Chambers*, Case No. 22-2047 (8th Cir.).

On July 1, 2022, Petitioner filed the instant Petition under 28 U.S.C. § 2241. Petitioner claims that he is "on a probation revocation violation." (Doc. 1, at 4.) Petitioner sets forth the following grounds for relief: 1) as Ground One, Petitioner claims that he did not violate the standard conditions of his supervised release; 2) as Ground Two, Petitioner claims that the judge violated his 6th Amendment right to confront witnesses; 3) as Ground Three, he claims that the judge improperly sentenced him over the guidelines; 4) as Ground Four, Petitioner alleges that the

judge improperly sanctioned him to eight years of supervised release and sentenced him in Category VI.  *Id*. at 6–7.  Petitioner asks to have two years taken off of his supervised release term, arguing that he "did not receive Amendment 782 because the Judge had [him] illegally sentence[d] as a career offender."  *Id*. at 7.

**Analysis**

The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims.  Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 714 F. App'x 827, 829 (10th Cir. Oct. 5, 2017) (unpublished) (finding that the court must first decide whether § 2241 is the proper vehicle to bring the claim before addressing the merits) (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013)).

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citations omitted).  A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (citations omitted); *see* 28 U.S.C. § 2255(e).

Petitioner is challenging the validity of his sentence, rather than the execution of his sentence.  *See Braun v. Stole*, 15 F. App'x 610, 611 (10th Cir. 2001) (unpublished) (finding that the appropriate proceeding for challenging the legality of supervised release is a motion under

§ 2255); *United States v. Williams*, 2008 WL 2560971, at *2 (D. Kan. June 26, 2008) (finding that "[i]n challenging that his term of supervised release is an illegal and unconstitutional sentence, the defendant attacks the validity of his sentence" and "[h]e may mount this attack only under 28 U.S.C. § 2255.") (citations omitted).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). This remedy is normally the only means to challenge a federal conviction after the direct appeal is resolved. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner has not shown a compelling reason that might justify the use of § 2241 to test the legality of his confinement. "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines*, 609 F.3d at 1073. A petitioner does not present one of these rare instances "simply by asserting his ability to file a § 2255 motion is barred by timing or filing restrictions." *Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (unpublished) (citing *Sines*, 609 F.3d at 1073; *Haynes v. Maye*, 529 F. App'x 907, 910 (10th Cir. 2013) (unpublished) (noting fact that § 2255 motion is time-barred doesn't render § 2255 remedy inadequate or ineffective); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the [§ 2255] remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him

4

from invoking it.")).

Nothing in the instant Petition suggests that § 2255 is inadequate or ineffective to test the legality of Petitioner's detention. *See Kirksey v. Samuels*, 235 F. App'x 949, 950–51 (3rd Cir. June 11, 2007) (finding that challenge to term of supervised release was a "thinly disguised attack on the validity of his sentence" and that he provided "no argument why § 2255 is inadequate or ineffective"). Having considered the Petition and the nature of the claim presented, the Court dismisses this matter. After the conclusion of Petitioner's appeal, he may seek authorization in the U.S. Court of Appeals for the Eighth Circuit to pursue a second or successive application for relief under 28 U.S.C. § 2255 in the district of his conviction. *See* 28 U.S.C. § 2255(h). Having failed to establish that the remedy provided in § 2255 is inadequate or ineffective, Petitioner may not proceed under § 2241.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that the petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated July 7, 2022, in Kansas City, Kansas.**

                                          <u>S/ John W. Lungstrum</u>
                                          **JOHN W. LUNGSTRUM**
                                          **UNITED STATES DISTRICT JUDGE**